Thomas P. KELLY, Appellant,

v.

The RETIREMENT PENSION PLAN FOR CERTAIN HOME OFFICE, Managerial and Other Employees of Provident Mutual, Provident Mutual Life Insurance Company,

No. 02–3185.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 11, 2003.

Decided Sept. 5, 2003.

Mark R. Vespole, Joanna L. Crosby, Tressler, Soderstrom, Maloney & Priess, Newark, NJ, for Appellant.

Michael J. Ossip, Morgan, Lewis & Bockius, Philadelphia, PA, for Appellees.

BEFORE: NYGAARD and SMITH, Circuit Judges and IRENAS,* Senior District Judge.

## OPINION OF THE COURT

IRENAS, Senior District Judge.

Appellant Thomas P. Kelly has challenged the Opinion and Order of the District Court finding for the Defendants and entered on July 11, 2002. The Opinion and Order followed a four day bench trial involving the alleged wrongful discharge of the Appellant and various pension related errors. Appellant has challenged the Opinion and Order of the District Court on four grounds. Specifically, Appellant argues that when he was discharged by his employer, Provident Mutual Life Insurance Company ("Provident"), in 2000, it was in retaliation for his complaints about the illegality of a particular marketing scheme introduced by Provident. In addition, Appellant argues that the District Court erred in upholding the decision of the Benefits Committee to deny him pension credit for the years 1981 through 1988, and in upholding the decision of the Benefits Committee to deny him a Disability Retirement Date of either 1993 or 2000. We will affirm the District Court.

## I.

Appellant first argues that the District Court erred in finding against him on his claim of retaliatory discharge. Under Pennsylvania law, an at-will employee can be terminated for any reason, with a limited exception if the termination is contrary to public policy. *Clark v. Modern Group Ltd.*, 9 F.3d 321, 327–28 (3d Cir.1993). This Court has previously held that the Pennsylvania public policy exception is limited solely to when the employee objects to

---

* Honorable Joseph E. Irenas, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

a course of action that the employer is taking that is clearly illegal. *Id.* at 328.

Appellant argues that he was terminated for objecting to Provident's scheme for the marketing of a non-commissionable term rider bundled with a base insurance policy. He argues that the method of marketing that he objected to violates Rule 10b–5 of the Securities and Exchange Act of 1984. 17 C.F.R. 240.10b–5. The District Court held that while the legality of the marketing practice was questionable, it was not clearly illegal. Appellee notes that the Appellant did not argue at trial that Rule 10b–5 was being violated.

■ In any case, these arguments are irrelevant as the Pennsylvania Supreme Court has held that in order for the public policy exception to apply, the alleged violation of public policy must be of Pennsylvania public policy, not solely an alleged violation of federal law. *McLaughlin v. Gastrointestinal Specialists, Inc.*, 561 Pa. 307, 750 A.2d 283, 289 (Pa.2000) ("'[A] Plaintiff must do more than show a possible violation of a federal statute ... [and] must allege that some *public* policy of *this* Commonwealth is implicated, undermined, or violated."). The Pennsylvania Supreme Court stated that "we declare the public policy of this Commonwealth by examining the precedent within Pennsylvania, looking to our own Constitution, court decisions and statutes promulgated by our legislature." *Id.* at 288. Appellant has not indicated any Pennsylvania public policy that would have been violated had he been terminated for objecting to the marketing scheme. Therefore, the District Court

was correct in finding for the Defendants on the issue of retaliatory discharge.

## II.

Appellant argues that even though the District Court properly used the abuse of discretion standard in reviewing the decision of the Benefits Committee to deny him pension credit for the years 1981 through 1988, the District Court improperly considered evidence that was not presented to the Benefits Committee when it made its decision.[1] Specifically, Appellant makes reference to the testimony of Marie Treftz, Director of Payroll and Benefits, that he would not have been classified on the Home Office or Field Clerical payrolls during the time period from 1981 through 1988. Ms. Treftz' testimony was not heard by the Benefits Committee. This is the only evidence that Appellant can point to when arguing that outside evidence was considered by the District Court.

■ In its Opinion and Order, the District Court clearly did base its decision only on evidence presented before the Benefits Committee. The reference to the testimony of Ms. Treftz occurs in paragraph 26 of the Opinion and Order. In that paragraph, the District Court notes that no evidence was presented that the Appellant was on the Home Office or Field Clerical payroll. The Court then goes on to note that the testimony of Ms. Treftz was that the Appellant would not have been classified on either payroll during the years in question. It is clear that the District Court used the testimony of Ms. Treftz to confirm evidence that actually

---

1. When reviewing the decisions of Benefits Committees or plan administrators under ERISA, the appropriate abuse of discretion standard requires that the district court uphold the decision unless the decision was an abuse of discretion or arbitrary and capricious. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 439 (3d Cir.1997). In determining whether there has been an abuse of discretion, the district court should make its decision based solely on evidence that was presented to the Benefits Committee. *Mitchell*, 113 F.3d at 440.

was before the Benefits Committee, namely that at no time between 1981 and 1988 was Appellant on either payroll. Therefore, the District Court properly applied the abuse of discretion standard.

Appellant also argues that the District Court improperly used the 1989 Home Office Plan when determining that the Benefits Committee did not abuse its discretion in finding that the Appellant was not a Home Office employee. The Benefits Committee had used the 1999 Home Office Plan when making its determination, and the Appellant now asks that this Court review his claim under the 1984 and 1987 Manager's Plans. At trial the Plaintiff asked that the District Court use the 1989 Home Office Plan. Accordingly, the Appellant waived his right to challenge the District Court's use of the 1989 Home Office Plan when it was precisely that plan that the Appellant asked the District Court to use when evaluating his claim during trial. In addition, Appellant was not an Agency Manager during the period from 1981 through 1988 and was not covered under any Manager's Plan. Therefore, any review of the 1984 and 1987 Manager's Plans would not have been relevant.

### III.

Appellant continues to challenge the Opinion and Order of the District Court with regard to its ruling that the Plaintiff was not entitled to pension credit for the years 1981 through 1988. Appellant argues that under the language of the Summary Plan Description ("SPD") he should receive pension credit, and that the language in the SPD is contradictory to the language in the 1989 and 1999 Home Office Plans. Appellant also argues that the District Court, even under an abuse of discretion standard, committed clear error, the standard this Court uses when reviewing a district court's findings of fact, in rejecting his claim for pension credit.

This Court has recently held that, under ERISA, when the language of an SPD conflicts with the language in the plan that the SPD is summarizing, it is the SPD language which controls. *Burstein v. Ret. Account Plan for Employees of Allegheny Health Educ. and Research Found.*, 334 F.3d 365, 378 (3d Cir.2003). In this case, the Appellant argues that the language in the SPD describing who is eligible to participate in the Plan and therefore due pension benefits requires that he be given credit for the years 1981 through 1988. Under the SPD, the Appellant argues that he is "a full-time, managerial agency employee on a regular annual salary basis" who is eligible to participate.

■ Under either the 1989 Home Office Plan used by the District Court, or the 1999 Home Office Plan used by the Benefits Committee, in order to be eligible for pension credit the employee must also be on the Home Office or Field Clerical Payroll. Appellant argues that the SPD is therefore contradictory to either Home Office Plan and so the SPD should control and he should qualify for the pension credit. However, even though a contradictory SPD is controlling over actual plan language, "an SPD is, by its nature, a *summary*, and cannot include all the terms contained in the full Plan." *Id.* at 379. The Home Office Plans, in this case, do not contradict the language of the SPD, instead they expand upon the language to give a more complete definition of who is a Covered Employee. Accordingly, the District Court's use of the language in the Home Office Plan to determine that the Plaintiff was not a Covered Employee was appropriate.

Appellant's other argument related to pension credit is that he should have been classified as a Covered Employee under the 1989 Home Office Plan and therefore eligible for pension benefits for the years

1981 through 1988. His argument is that under the definition of Covered Employee in the 1989 Home Office Plan he was "an active, full-time Managerial Agency employee on a regular annual salary basis as classified on a Field Clerical payroll by the Company's Agency Division." Unfortunately for Appellant, he has never presented any evidence that he was on the Field Clerical payroll during the relevant time period. In finding that the Benefits Committee did not abuse its discretion in determining that the Plaintiff was not a Covered Employee because he never appeared on a Field Clerical payroll, the District Court did not make a clearly erroneous decision.

## IV.

Appellant also challenges the District Court's ruling upholding the Benefits Committee's decision to deny him a Disability Retirement Date ("DRD") of either 1993 or 2000. There is no dispute that, with regard to the 1993 date, the issue is whether the Appellant had a Separation from Service in 1993 under the 1989 Home Office Plan. The District Court, as a finding of fact, held that the Plaintiff did not have a separation from service and therefore was not due a DRD. The District Court's findings of fact on this issue are reviewed by this Court under a clear error standard.

■ The District Court's finding that there was no Separation from Service in 1993 was not clearly erroneous. Under the 1989 Home Office Plan, a Separation from Service "means, for any Employee, his death, retirement, resignation, discharge or any absence that causes him to cease to be an Employee." The District Court ruled that, while the Plaintiff was not able to work for eight months because of a snowmobile accident, he was still an employee of Provident. The District Court held that because the Plaintiff's employment contract was not terminated, he continued to receive a salary, his position as Agency Manager was not filled by anyone else, and he eventually returned to his job, he never had a Separation from Service. While Appellant argues that he did not receive a salary, he did receive short term disability payments from Provident during those eight months and the District Court's finding that these payments constituted a salary was not clearly erroneous. In addition, under the definition of a Separation from Service, the District Court did not make any clear error in determining that because of the combination of factors described above, the Plaintiff never ceased to be an employee of Provident.

Appellant argues that because he received benefits under COBRA during that period, he did have a Separation from Service. However, COBRA benefits are given out when an employee suffers a termination or a reduction in hours. 26 U.S.C. § 4980B(f)(3). The District Court did not make a clear error in determining that the Plaintiff was merely suffering from a reduction of hours, and not a termination.

■ As for his termination in 2000, the District Court held that the Benefits Committee did not abuse its discretion in finding that the Plaintiff was not terminated because of any disability, a requirement for a DRD. There was substantial evidence presented to the Benefits Committee and to the District Court that the termination in 2000 was performance related. This evidence included the fact that in both 1998 and 1999 the agency that the Plaintiff was in charge of failed to achieve its annual goals. In determining that there was no abuse of discretion by the Benefits Committee in its finding that the Plaintiff was terminated for performance related reasons, the District Court's findings were not clearly erroneous.

## V.

For the foregoing reasons, we will affirm the Opinion and Order of the District Court.